UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

GS GLEANTECH CORPORATION,             :

               Plaintiff,    :    09 Civ. 8642 (LMM)

        - v -                         :    MEMORANDUM AND ORDER

GEA WESTFALIA SEPARATOR, INC.;        :
ACE ETHANOL, LLC; ICM, INC.;
LIFELINE FOODS LLC; and DOES 1-30,    :
INCLUSIVE,
                                    :

               Defendants.
                                    :

------------------------------------x

McKENNA, D.J.,

      Defendant ICM, Inc. ("ICM") moves, pursuant to Fed. R. Civ. P. 6(b), for an order staying the running of ICM's time to answer or otherwise respond to plaintiff's amended complaint until such time as the United States District Court for the District of Kansas enters a decision in an action pending in that court, ICM, Inc. v. GS Cleantech Corporation (09 Civ. 1315), resolving ICM's pending motion to enjoin plaintiff's prosecution of the present action, and any appeals from such order have been finally resolved.

      The present action was commenced in this district by the filing of the original complaint, which did not name ICM as a defendant, on October 13, 2009. The District of Kansas action was filed in that district on October 13, 2009. (See Pl. Mem. at 1 n.1; Def. Mem. at 4.) On October 15, 2009, plaintiff filed a notice of filing a first amended complaint, and on October 23, 2009

filed the first amended complaint, which does name ICM as a defendant.

On November 5, 2009, ICM filed a motion in the District of Kansas action for an order enjoining plaintiff's prosecution of the present action in this district.[1] "By stipulation of the parties, briefing on the pending motions in the Kansas action is scheduled to be complete by March 12, 2010, with a hearing to follow." (Def. Mem. at 5.) The plaintiff in the present action in this district has declined to stay ICM's involvement in this action pending resolution of the motions in the District of Kansas action. (Id.)

There is little question that not only is the District of Kansas action related to the present action, but that it would also be convenient to the parties to the present action other than ICM to have the issues in the District of Kansas action litigated in this district. But there are other considerations.

As far as ICM is concerned, its District of Kansas action is the first filed action, plaintiff having added ICM as a defendant in the present action only after ICM filed its action. Further, ICM is, according to its District of Kansas complaint, a Kansas corporation with its principal place of business in Kansas (Weyrauch Decl., Ex. L, ¶ 1) (an allegation not disputed by

---

[1] The plaintiff in the present case has moved in the District of Kansas action for dismissal of the District of Kansas complaint or, in the alternative, transfer to this district. (Pl. Mem. at 5 n.5.)

plaintiff on the present motion), so that ICM's choice of a Kansas venue cannot be dismissed as impermissible forum shopping.

Perhaps most important is the fact that the issue as to where ICM is to proceed is now before a district judge of the District of Kansas. It is most appropriate to await that judge's determination in the normal course of the question where ICM is to proceed without subjecting ICM to litigation in New York to which the District of Kansas may, in the end, find that ICM should not, in the circumstances, be subject. Nor has plaintiff shown any compelling need to involve ICM in the litigation in this district prior to a decision by the District of Kansas.

\*       \*       \*

ICM's motion is granted, with the exception that, should the District of Kansas deny ICM's motion, the stay granted shall not continue pending appeal, to which extent the motion is denied.

SO ORDERED.

Dated: January 6, 2010

Lawrence M. McKenna
U.S.D.J.

3